**BLISS v. BROTHERHOOD OF RAILROAD TRAINMEN. (No. 7471.)***

(Court of Civil Appeals of Texas. San Antonio. Jan. 6, 1926. Rehearing Denied Feb. 3, 1926.)

1. Evidence ⊜66—Member was charged with notice of requirements of constitution and by-laws of order.

A member of a benefit association is charged with notice of requirements of constitution and by-laws of order.

2. Insurance ⊜798—Draft forwarded by association to bank for delivery to member, upon latter's receipting therefor, and surrender of such receipt, was not "paid" to member who did nothing.

A draft forwarded by a mutual benefit association to a bank to deliver it to a disabled member, upon the latter's execution of a receipt showing delivery of the draft to him and his surrender of such receipt, pursuant to the constitution and by-laws of the association, was not "paid" to the member where he did nothing to procure the draft.

3. Insurance ⊜793—Death of member in mutual benefit association, occurring before his approved claim was paid to him, justified association in paying amount to beneficiary.

Death of member in mutual benefit association, occurring before his approved claim was paid to him, justified association in paying amount to beneficiary, in view of the constitution and by-laws of the order so providing.

Error from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Don A. Bliss, as administrator, against the Brotherhood of Railroad Trainmen. Judgment for defendant, and plaintiff brings error. Affirmed.

A. G. McNeill and C. J. Gray, both of San Antonio, for plaintiff in error.

Robt. P. Coon, of San Antonio, for defendant in error.

SMITH, J. W. A. Woodfin was a member of the Brotherhood of Railroad Trainmen, a mutual benefit association, in which he carried a certificate which entitled the beneficiary therein designated to a specified sum in event of his death, unless said sum had been previously paid to him upon disability claims. Woodfin contracted a deadly disease, result-ing in his total and permanent disability, and under the terms of his certificate lodged a claim with the Benevolent Board of the Association for an appropriate benefit. The disability under which he rested was not such as to entitle him to the benefit as a matter of course, and its allowance and payment was solely within the discretion of the Benevolent Board. The latter considered the claim, however, and approved and allowed it, under appropriate provisions of the constitution and by-laws of the order. This was on May 1, 1922. Accordingly, the Grand Lodge purchased a bill of exchange payable to Woodfin for the amount of the allowed claim, $1,500, and forwarded it to the local lodge of the order at San Antonio, with instructions as to its delivery. Woodfin was at the time confined in a hospital at McKinney, Tex., and in pursuance of provisions in the by-laws of the order the local lodge delivered the exchange, together with a receipt, to be executed by Woodfin upon the delivery of the exchange to him, to a San Antonio bank, with instructions to forward the draft and receipt to a bank at McKinney, which was in turn instructed to deliver the exchange to Woodfin when he called for it and executed the receipt therefor, in the presence of two witnesses. At the same time the local lodge wrote Woodfin of what was being done, and directed him to call at the McKinney bank, execute the receipt in the manner directed, and receive the draft. This was on May 8, 1922. Woodfin, however, died on June 5th following, and, although he received the letter advising him of the forwarding of the draft and receipt to the bank, he never opened the letter, which, after his death, was found sealed in its envelope, in his pocket. Thereafter, upon instructions of the lodge, the McKinney bank returned the draft and receipt to the Grand Lodge, which soon after, upon proper proof of Woodfin's death, paid the amount over to the guardian of the estate of Woodfin's daughter, the beneficiary named in his certificate.

Eight days after Woodfin's death, Judge Don A. Bliss applied for and was appointed temporary administrator, and was subsequently made permanent administrator of Woodfin's estate. He filed this suit against the Brotherhood of Railroad Trainmen for the amount of the draft previously issued to Woodfin, and upon a trial before the court, without a jury, judgment was rendered against Bliss, as administrator, who has appealed.

It was provided in the constitution and by-laws of the order that, "if a disability claim (of a member) is approved and a member dies before it is paid, the benefits shall be paid to the beneficiary named in the certificate, the same as an ordinary death claim." Although appellant has raised a number of questions of law in the appeal, we have con-

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 24, 1926.

cluded that decision of the case turns upon the construction of the above-quoted provision, and the application of the facts thereto.

[1-3] It is contended by appellant that the facts of the issuance of the bill of exchange in Woodfin's favor, and the delivery thereof to the McKinney bank, constituted "payment" of Woodfin's claim; that the right to the amount thereby became vested in him, and that it should have been paid over to the administrator of his estate upon his death; that the subsequent payment of the amount to the beneficiary named in the certificate did not impair or affect the liability of the order to Woodfin's administrator. We overrule these contentions.

The claim allowed to Woodfin on account of his disability was never "paid" to him. The draft intended for him was never delivered to him, actually or constructively. It never passed out of the control of the Grand Lodge. It was passed to the local lodge at San Antonio, with instructions to deliver it to him when he executed the receipt accompanying it; it was in turn passed through a local bank by the local lodge to a bank at McKinney, with instructions to deliver it to him when he called for it and performed an act essential to secure its delivery to him. The draft never reached his hands; apparently he did not even know it had been issued in his favor. It was never intended that it should be delivered to him until he should execute a receipt therefor, and have his signature witnessed by two disinterested persons, and surrender the executed instrument, as required by the constitution and by-laws of the order, of which requirement he was charged with notice. In order to complete the payment of his claim, it became necessary for him to execute and surrender the duly witnessed receipt; and so, at the time of his death, that act yet remained to be done by him, and could be done by no one for him. An unquestionably valid stipulation in the constitution and by-laws of the order, of which he was charged with notice, provided that, in event his disability claim was approved, and he died before it was paid, the benefit should be paid over to the beneficiary named in his certificate. We hold that, under the facts disclosed in the record, the member died before his approved claim was paid, that under its regulations the order was warranted in paying the amount of the claim to his beneficiary, and that the administrator of his estate was not entitled to recover the amount, after it had been legally paid to the designated beneficiary.

We see no occasion to enter into a discussion in detail of the several questions raised by plaintiff in error, since all of them hinge upon the foregoing holding. As applied to the case made here, plaintiff in error's propositions and assignments are overruled.

The judgment is affirmed.